UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CARLOS J. CASTILLO GONZALEZ and
MACK NASCIMENTO,

      Plaintiffs,

vs.

B & K CONTRACTOR SERVICES, INC.,
a Florida for-profit corporation; and
LEONOARDO GOMEZ, individually,

      Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs CARLOS J. CASTILLO GONZALEZ ("GONZALEZ") and MACK NASCIMENTO ("NASCIMENTO"), through undersigned counsel, sue Defendants B & K CONTRACTOR SERVICES, INC., a Florida for-profit corporation ("B&K"), and LEONARDO GOMEZ, individually ("GOMEZ"), and allege as follows:

1.    This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3.    Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4.      Plaintiffs at all relevant times were, and still are, residents of Miami-Dade County, Florida, and are *sui juris*.

5.      Defendant B&K is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Miami-Dade County, Florida.  B&K is, and at all relevant times was, a licensed Florida general contractor providing construction related services in Florida and that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6.      Upon information and belief, Defendant GOMEZ is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*.  At all relevant times, GOMEZ was and still is an owner, operator, and the President of B&K, was and still is an agent of B&K, acted in the course and scope of his employment and agency as owner, operator, and the President of B&K with regard to Plaintiffs, and oversaw, supervised, and controlled the day-to-day operations of B&K.

7.      At all relevant times B&K was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.  In addition, GOMEZ was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of B&K in relation to Plaintiff, and regularly exercised authority to hire and fire employees of B&K, determined the work schedules of employees of B&K, set the rates of pay and compensation for employees of B&K, controlled the finances and operations of B&K, and oversaw, supervised, and controlled the day-to-day operations of B&K.

2

8.     At all times during their employment with Defendants, Plaintiffs were non-exempt employees performing construction-related work who regularly worked over 40 hours in one or more work weeks.

9.     Plaintiff GONZALEZ was employed by Defendants as a "helper" at a rate of $15.00 per hour from on or about November 6, 2017 for about 4 months or until March 2018 when he was promoted to the position of "laborer" at a rate of $17.50 per hour until July 20, 2018, when he was terminated.  During this time period, Plaintiff commenced work being paid at $15.00 per hour for his services.  In or about March 2018, until his termination, Plaintiff was paid $17.50 per hour for his services.

10.    Plaintiff NASCIMENTO was employed by Defendants as a "helper" from on or about March 30, 2018 until on or about July 20, 2018, at an hourly rate of $15.00.

11.    Throughout their respective periods of employment, Plaintiffs regularly worked more than 40 hours in one or more of the work weeks they worked.

12.    While Plaintiffs kept and maintained some of their pay and time records, the complete records of the dates worked by, and the compensation actually paid to, Plaintiffs are currently in the possession, custody, and control of Defendants.  Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA, including the actual hours worked by Plaintiffs on a daily, weekly or monthly basis.

13.    All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

14.    Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA (GONZALEZ)

15.     Plaintiff GONZALEZ re-alleges paragraphs 1 through 14 as if set forth fully herein.

16.     Under the FLSA, Defendants were obligated to pay GONZALEZ time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. GONZALEZ worked in excess of 40 hours per work week in one or more weeks – specifically working Mondays through Fridays every week and also all day on Saturdays -- was paid on an hourly basis and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

17.     Defendants issued paychecks to GONZALEZ for his regular hours worked up to 40 in each of his work weeks that he worked.  For the extra overtime hours GONZALEZ worked each week, in particular the Saturdays he worked, Defendants would pay him in cash, but only at the straight time hourly rates.  Defendants failed and refused to pay GONZALEZ the extra half-time for each overtime hour he worked, violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

18.     As a direct and proximate result of Defendants' violations of the FLSA, GONZALEZ has suffered damages equal to the extra one-half his regular hourly rates for all hours he worked in excess of 40 in each work week, plus double that amount in liquidated damages as provided by the FLSA.  GONZALEZ estimates on average that he worked approximately 8 hours of overtime each work week over the approximate 37 weeks during the period of his employment.  GONZALEZ estimates that, from the commencement of his employment on or about November 6, 2017 until March 2018,  his extra half-time unpaid overtime compensation that he is owed is based on an overtime half-time rate of $7.50 per hour

for an estimated approximately 200 overtime hours.  For the period of March 2018 through on or about July 20, 2018, GONZALEZ was not paid estimated overtime compensation based on an overtime half-time rate of $8.75 per hour for an estimated 220 overtime hours.  GONZALEZ's total estimated unpaid overtime compensation and damages is thus $3,425.00, plus liquidated damages of an equal amount as provided by the FLSA.

19.     Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of GONZALEZ's rights under the law.

20.     GONZALEZ is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

21.     At all relevant times, Defendants were aware that their non-exempt employees such as GONZALEZ were required to be paid time and one-half their regular hourly rate for all hours worked over 40 in a work week.  Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them as to keeping track of the time each employee worked each work day and each work week.  Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations and failed to pay GONZALEZ all his overtime as required by the FLSA.  Defendants thus acted willfully in connection with their failure and refusal to pay GONZALEZ fully for the overtime he worked, entitling GONZALEZ to recover full liquidated damages as provided by the FLSA.

WHEREFORE, GONZALEZ demands judgment against Defendants, jointly and severally, for the following relief:

1.  A declaration that Defendants are in willful violation of the FLSA by failing to pay GONZALEZ all due overtime compensation;

2.  An award to GONZALEZ of all unpaid overtime as required under the FLSA,

3. An award to GONZALEZ of liquidated damages equal in amount to the unpaid overtime award,

4. An award to GONZALEZ of all costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

## COUNT II – UNPAID OVERTIME VIOLATION OF FLSA (NASCIMENTO)

22.     Plaintiff NASCIMENTO re-alleges paragraphs 1 through 14 as if set forth fully herein.

23.     Under the FLSA, Defendants were obligated to pay NASCIMENTO time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. NASCIMENTO worked in excess of 40 hours per work week in one or more weeks – specifically working Mondays through Fridays every week and also all day on Saturdays -- was paid on an hourly basis and was not paid the extra time and one-half his regular hourly rate for any of the overtime hours he worked, as required by the FLSA.

24.     Defendants issued paychecks to NASCIMENTO for his regular hours worked up to 40 in each of his work weeks that he worked.  For the extra overtime hours NASCIMENTO worked each week, in particular the Saturdays he worked, Defendants would pay him in cash, but only at the straight time hourly rates.  Defendants failed and refused to pay NASCIMENTO the extra half-time for each overtime hour he worked, violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

25.     As a direct and proximate result of Defendants' violations of the FLSA, NASCIMENTO has suffered damages equal to the extra one-half his regular hourly rates for all hours he worked in excess of 40 in each work week, plus double that amount in liquidated

damages as provided by the FLSA. NASCIMENTO estimates on average that he worked approximately 8 to 10 hours of overtime each work week over the approximate 16 weeks during the period of his employment. NASCIMENTO estimates that, from the commencement of his employment on or about May 30, 2017 until July 20, 2018, his extra half-time unpaid overtime compensation that he is owed is $1,200.00, based on an overtime half-time rate of $7.50 per hour for an estimated 160 overtime hours. NASCIMENTO's total estimated unpaid overtime compensation and damages is thus $960.00, plus liquidated damages of an equal amount as provided by the FLSA.

26. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of NASCIMENTO's rights under the law.

27. NASCIMENTO is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

28. At all relevant times, Defendants were aware that their non-exempt employees such as NASCIMENTO were required to be paid time and one-half their regular hourly rate for all hours worked over 40 in a work week. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them as to keeping track of the time each employee worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations and failed to pay NASCIMENTO all his overtime as required by the FLSA. Defendants thus acted willfully in connection with their failure and refusal to pay NASCIMENTO fully for the overtime he worked, entitling NASCIMENTO to recover full liquidated damages as provided by the FLSA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.


DATED:  November 6, 2018.

**RODERICK V. HANNAH, ESQ., P.A.**
Counsel for Plaintiffs
8751 W. Broward Blvd., Suite 303
Plantation, FL 33324
T. 954/362-3800
954/362-3779 (Facsimile)
Email:  rhannah@rhannahlaw.com


By_____*s/ Roderick V. Hannah*_____
        RODERICK V. HANNAH
        Fla. Bar No. 435384

**LAW OFFICE OF PELAYO
DURAN, P.A.**
Co-Counsel for Plaintiffs
4640 N.W. 7th Street
Miami, FL 33126-2309
T. 305/266-9780
305/269-8311 (Facsimile)
Email: pduran@pelayoduran.com


By ___*s/ Pelayo M. Duran*_____
        PELAYO M. DURAN
        Fla. Bar No. 0146595